

> Application for a discovery conference on the anticipated motion to quash of Defendants Kostanian, Denevich, and Skazka is GRANTED.
>
> The Court will hold an in-person discovery conference on 2/22/2024 at 11:00 a.m. in Courtroom 520 of the White Plains Courthouse.
>
> **SO ORDERED.**
>
> 
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          February 12, 2024

February 9, 2024

**Via ECF**
Honorable Philip M. Halpern
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    ***Allstate Insurance Company et al v. Gabirel Dassa, D.O., et al.,***
            <u>Case No. 1:23-cv-07515; Joint Pre-Motion Letter</u>

Dear Judge Halpern:

This law firm is counsel to defendants Arthur Kostanian ("Kostanian"), Sergey Denevich ("Denevich") and Skazka, LLC ("Skazka"; collectively, the "Moving Defendants") in this matter. We respectfully request a pre-motion conference pursuant to Your Honor's Individual Practices and Local Civil Rule 37.2 in anticipation of moving for a protective order and/or to quash certain subpoenas served by Plaintiffs on non-parties Yahoo, Inc. ("Yahoo"), Google LLC ("Google") and TD Bank, N.A. ("TD Bank").  The response date for the subpoenas is February 9, 2024.

### The Parties Complied with Federal Rule of Civil Procedure 37(a)(1)

In January 2024, Plaintiffs served over thirty-five subpoenas on non-parties; many implicating the interests of one or more Moving Defendant.  Plaintiffs' counsel (Hugh Brady and Andrew Apjohn) and Moving Defendants' counsel (Justin Kelton, Mordecai Geisler and Lee Williams) held a telephone call on January 22, 2024, for approximately 45 minutes, and another telephone call on January 25, 2024, for approximately 20 minutes, to discuss the scope of the

subpoenas and potential limitations to them. As a result, they resolved their disputes concerning one subpoena and Plaintiff extended the response date of the other subpoenas so the parties could resolve their remaining disputes. On February 5, 2024, Moving Defendants' counsel requested a telephone call with Plaintiffs' counsel to discuss subpoenas directed at Google, Yahoo, TD Bank and four other non-party business entities. In subsequent emails on February 5th the parties' counsel reiterated their positions, and on February 7th Moving Defendants' counsel emailed Plaintiffs' counsel stating specific objections to the subpoenas, proposing resolutions and advising that if the parties could not agree to a resolution Moving Defendants would seek relief from the Court. Plaintiffs' counsel responded later that day substantively disputing such objections. The parties did not reach an agreement regarding the subpoenas to Yahoo, Google and TD Bank, but agreed to limit the scope of the other subpoenas.

**The Moving Defendants' Positions**

<u>Yahoo and Google</u>. Two subpoenas are directed to Yahoo concerning Kostanian's and Denevich's email accounts and one subpoena is directed to Google concerning Kostanian's email account. *See* Exhibits A, B and C (the subpoenas). These subpoenas seek "[a]ll usage records and metadata, including date, time, and To/From fields (if the documents contain such fields), for all communications sent or received" by Kostanian and Denevich since January 1, 2015. The above-referenced February 7, 2024, email from Plaintiffs' counsel clarified "I can certify these subpoenas will **not** result in the production of actual emails or even subject lines."

These subpoenas seek information pertaining to any and all emails ever sent to, or received from, any person for any reason over the past nine years. It is just this sort of "blunderbuss" approach that was rejected in *Allstate Ins. Co. v. All County, LLC*, 19-cv-7121, 2020 WL 5668956, at *2 (E.D.N.Y. Sept. 22, 2020) which was litigated by these same Plaintiffs in a similar context as this case (a no-fault insurance fraud case). "A Rule 45 subpoena - like all discovery - must fit within the scope of discovery permitted in a civil case. That is, discovery is limited to 'any

2

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Id*. (citing Fed. R. Civ. P. 26(b)(1).

These subpoenas fail that standard. Moreover, it is baffling what, if any, probative value Plaintiffs would obtain from the demanded metadata - by Plaintiffs' own admission no subject lines or email contents would be disclosed. In contrast, even absent the subject line and email contents, Plaintiffs' demands are so incredibly invasive into Messrs. Kostanian's and Denovich's personal lives and business dealings – the times, frequency and identity of everyone they interacted with over email for nine years – that the subpoenas must be quashed. *See NYC Med. Practice, P.C. v. Shokrian*, 19-cv-162, 2020 WL 13882100, at *7 (E.D.N.Y. Aug. 25, 2020) (granting motion to quash and holding subpoena seeking metadata as to whom defendant communicated with and when with no relation to the case was "a textbook example of a fishing expedition").

<u>TD Bank</u>. The subpoena directed at TD Bank seeks every conceivable document possessed by the bank in connection with Skazka's bank account from January 1, 2015, to the present, *i.e.*, the subpoena's demands are completely untethered to any party (other than Skazka), or claim or defense in this case. *See* Exhibit D (the subpoena). Skazka, in fact, is doing, and has done, business with dozens of clients (non-parties), and uses the same TD Bank account for all of them. *Allstate* also rejected the propriety of Plaintiffs' subpoenas to various banks which are strikingly similar to the subpoena to TD Bank in this case. In rejecting Plaintiffs' position that "the subpoenas are 'narrowly-tailored to seek specific documents related to transactions between the Defendants and others,' and granting the defendant the protective order the Court held:

> [T]he subpoenas belie the assertion. If that is all the subpoenas sought, then the overbreadth issues would be far less significant. But the subpoenas are not so limited. For example, the subpoena to JPMorgan identifies a single All County account - and asks for all 'documents,' which includes account application documents, accounting opening documents, all statements, cancelled checks, wire transfers (regardless of source) in and out of the account, and '[a]ny and all related correspondence.'

*Id*. (internal citations omitted); *see also Shokrian*, 2020 WL 13882100, at *7 (plaintiffs did not

3

explain subpoenaed information's relevance to case); *Lelchook v. Lebanese Canadian Ban, SAL*, -- F. Supp. 3d – (S.D.N.Y. 2023) (plaintiffs "made no effort to tailor the subpoena to the claims in this action"). The TD Bank subpoena should be quashed for the same reasons.

**Plaintiffs' Positions**

The Defendants' request for a pre-motion conference to quash various subpoenas issued by Allstate is a procedurally deficient, last second effort to avoid the production of documentary evidence from third parties that is otherwise proportional to the needs of this case. The Defendants attempt to cast the subject subpoenas as overbroad, raising for the first time, factually distinguishable cases and casting general relevance aspersions. *See Allstate Ins. Co. v. All County, LLC*, 19-cv-7121, 2020 WL 5668956, at *2 (E.D.N.Y. Sept. 22, 2020). In *All County* the allegations pertaining to insurance fraud involved misrepresentations in the application for an Article 28 medical facility, which can upon approval be owned and controlled by lay persons. Allstate's complaint alleges that Defendant management company, Skazka, LLC (the moving party), illegally controlled various medical facilities in violation of state and local licensure laws.[1] *See State Farm Ins. v. Mallela,* 5 N.Y.3D 313 (Seminal case regarding "fraudulently incorporated" medical facilities truly controlled by laypersons); *see also Carothers v. Progressive Ins. Co.* 33 N.Y.3d 389 (enumerating 13 factors to determine substantial control by layperson over medical facilities; including various factors pertaining to control of business' finances). To procure evidence going to these factors, Allstate's subpoena to TD Bank seeks the records of Skazka, LLC, not the individual Defendants. The subpoena is temporally limited to the time period enumerated in the complaint and, from a practical standpoint, requests the documentation routinely produced in response to these requests, thereby reducing the burden on the third party bank.[2] Furthermore,

---

[1] The *All County* case did not involve motion practice regarding subpoenas to internet service providers ("ISPs"), despite the Defendants' first citation to the case appearing in the section regarding subpoenas to Yahoo and Google.
[2] Allstate is already in possession of documentation demonstrating that over $2,500,000.00 changed hands between Dassa Orthopedics and Skazka between 2015 and 2018. None of these known payment conform to the terms Skazka's "agreements" with the Dassa Defendants for management services.

prior to this pre-motion conference request, Allstate enumerated the bases for the subpoenas directed to TD Bank, Google and Yahoo in correspondence to the Defendants. *See* Exhibit E (Allstate's Response to Request for Third Meet and Confer). Allstate's correspondence demonstrates that numerous federal courts, including this Court, in adjudicating no-fault insurance fraud and racketeering cases, have found the corporate financial records of a Defendant involved in a racketeering enterprise to be both relevant and discoverable on numerous grounds that are applicable in the present case. None of these considerations are referenced or acknowledged by the Defendants.

Allstate also advised the Defendants that the ISP subpoenas will provide documentary evidence as to *existence* of communications by the Defendants with others to illegally procure No-Fault benefits, including examples of what would be produced. Evidence of emails will demonstrate whether or not Defendants coordinated among themselves and others to: solicit potential clients from common sources, provide unnecessary medical services, and submit fraudulent insurance bills. *See State Farm Mut. Auto. Ins. v. Angelo*, 2020 U.S. Dist. LEXIS 211341, *3-4 (E.D. Mich. Nov. 12, 2020). This production will allow Allstate to, at its own expense, identify and request such communications between interested parties/witnesses and the Defendants, with additional particularity. There is no burden on the Defendants in Yahoo/Google producing this data. Moreover, the information sought is not privileged. Defendants have attempted to quash these subpoenas citing a journalistic defamation case, which found the requested email accounts did not have anything to do with journalism. *See Shokrian, supra.* Allstate has evidence that hundreds of emails exist between the subject accounts and Defendant, Gabriel Dassa and his employees. As such, the Defendants' position is untenable and this Honorable Court should lend no weight to their misapplication of law given the facts of this case.


Respectfully submitted,

*/s/ Justin T. Kelton*

Justin T. Kelton